RECEIVED
IN ALEXANDRIA, LA.

JAN - 7 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODNEY D. MCLEOD (#22596057) | DOCKET NO. 13-CV-3114; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| M. D. CARVAJAL | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Rodney D. McLeod. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at Federal Correctional Institution in Pollock, Louisiana. He contests the validity of his indictment and conviction, and seeks a release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner was indicted in an original and a superseding indictment on two counts of possession of firearms in commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [U.S. v. McLeod, 05-cr-59-1 M.D.N.C.] Count One in the superseding indictment charged Petitioner with possessing a .25 caliber handgun on or about August 21, 2004, after having been convicted on June 24, 1998, of two counts of possession with intent to sell and deliver cocaine. Count Two involved the same prior felony convictions and was based on an allegation that Petitioner possessed two .22

caliber handguns on or about December 26, 2004. [U.S. v. McLeod, 05-cr-59-1 M.D.N.C., Doc.#103] According to the record, a plea agreement was entered calling for Petitioner to plead guilty to Count One of the indictment, with Count Two being dismissed. [U.S. v. McLeod, 05-cr-59-1 M.D.N.C., Doc. #103] Petitioner appeared on August 18, 2005, and entered his guilty plea as called for in the plea agreement. Petitioner was subsequently sentenced to 120 months of imprisonment. [05-cr-59-1 M.D.N.C., Doc. #41].

McLeod filed a direct appeal, but his conviction and sentence were affirmed. [05-cr-59-1 M.D.N.C., Doc. #54, 58] Petitioner then filed a §2255 motion raising claims of ineffective assistance of appellate counsel, lack of probable cause supporting the DWI arrest that led to the discovery of the .25 handgun on his person on August 21, 2004, and that he did not violate federal law because the State of North Carolina restored his citizenship rights after he was released from prison. The motion to vacate was denied. [05-cr-59-1 M.D.N.C., Doc. #108]

Petitioner then filed a second §2255 motion. The Magistrate Judge issued a Report & Recommendation stating that Petitioner must move in the Fourth Circuit Court of Appeals for an order authorizing the district court to consider the second 2255 motion. [Doc.#112] Petitioner then filed a motion to withdraw his petition, asking that the court send him the forms needed to seek permission for filing a second 2255 motion. [Doc.#125] The Clerk

was ordered to send Petitioner a copy of instructions for filing Motions for Authorization in the Court of Appeals. Petitioner was allowed to withdraw his 2255 petition on October 31, 2012.

## Law and Analysis

Petitioner has filed the present habeas corpus petition pursuant to 28 U.S.C. §2241. He challenges his plea and conviction. Section 2241 petitions are generally used to challenge the **manner in which a sentence is executed**. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. <u>See</u> <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner's claim should be raised in a §2255 Motion to Vacate; however, he has already filed a 2255 motion, which was denied. Petitioner has not alleged that he received permission from a federal court of appeals to file a second 2255 motion.

Although federal prisoners may use §2241 to challenge the legality of their convictions or sentences if they satisfy the §2255 "savings clause," see <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001), Petitioner has not shown that the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision

which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. <u>See</u> <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>See</u> <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>See</u> <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner has not shown that he meets the requirements of the savings clause.

As Petitioner knows from his motions filed in the Middle District of North Carolina, before filing a second or successive Section 2255 petition, he must get approval from the appropriate Court of Appeals - the United States Fourth Circuit Court of Appeals. The district court in North Carolina provided Petitioner with forms and instructions regarding obtaining certification from the appellate court, and Petitioner was allowed to voluntarily withdraw his motion in order to obtain such authorization. He has not provided the Court with a copy of an order from the Fourth Circuit authorizing a second Section 2255 motion. The instant petition for writ of habeas corpus should be dismissed for lack of

jurisdiction. <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider his claims.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 7th day of January, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE